Hicholson, C. J.,
delivered the opinion of the Court.
W. H. Holmes took out an attachment before a justice of the peace, in Dyer county, against the property of Frank Baldridge. It was placed in the hands of T. B. Shaw, the sheriff of the county. "With the attachment in his hands, Shaw possessed himself of a horse, as the property of Baldridge, hut upon Baldridge informing, him that the horse belonged to his brother, the sheriff gave up the horse, and returned the writ- “no property to be found.”
Holmes sued Shaw and his securities on his bond as sheriff, for 'an insufficient and false return of the writ. Shaw offered to excuse himself for giving lip the horse, by proving- that he was advised by counsel, that he had a right to require a bond of indemnity from the plaintiff, before he could be required to levy on property, to which the title was disputed. This evidence was rejected by the circuit judge, and, this action, of the court is relied on as error, for which the judgment ought to be reversed.
The provision of the Code, sec. 3032, which authorizes a sheriff' or constable to require a bond indemnity, before levying on disputed property, is confined to executions. There is no law which *694 authorizes these officers to require indemnity bonds before levying attachments on disputed property. The bond required of a plaintiff, when he takes out an attachment, is intended to indemnify the defendant against damages, for wrongfully suing out the process. If the defendant should sue the officer for illegally levying on and seizing his property, instead of suing the plaintiff on his bond, and should recover judgment against the officer, the Code, sec. 8605, authorizes the officer to take judgment, by motion, against the plaintiff on his bond. The attachment bond, therefore, is for the indemnity of the officer, as well as the defendant. It follows that the sheriff, Shaw, was in default, when he gave up the horse, because the’ plaintiff had not given him a special bond of indemnity, and the evidence that he. was advised by counsel so to do, was properly rejected
But it does not appear from the proof, that the title to the horse was really in dispute. The debtor informed the sheriff, that his brother claimed the horse, and upon this statement, without any claim made by the brother, the sheriff gave up the property, and thereby the debtor was enabled to escape and abscond with the horse.
By way of further defense, the sheriff introduced as evidence, the bond executed by the plaintiff, • when the attachment was sued out. The bond was defective as an attachment bond, and hence it was insisted that the attachment was void, and the sheriff excused for failing to execute it. The at- *695 tacliment was not yoicl because of the defective bond: Code, sections 3476, 3477. Being only voidable, the sheriff could not excuse himself on that ground for failing to execute the writ: Stevenson v. McLane, 5 Hum., 332.
It follows that there is no error in the judgment, and the same is affirmed.